# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

MARGARET KATHLEEN NICKERSON-MALPHER )
)
Plaintiff, )
)
v. ) Civ. No. 10-329-B-H
)
ATTORNEY GENERAL, MAINE, et al., )
)
Defendants )

## ORDERS ON MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO CORRECT CASE CAPTION AND RECOMMENDED DECISION

Margaret Kathleen Nickerson-Malpher has filed a pleading captioned as a notice of removal of three pending State of Maine cases, two criminal proceedings and one civil forfeiture case: MACSC-CR-2008202 (Machias, Maine), CALDC-CV- 2006-0046 (Calais, Maine), and CALDC-CR-2008369 (Calais, Maine). With regards to the civil forfeiture case, Nickerson-Malpher insists that it is a criminal and not a civil proceeding, (Notice of Removal at 1), and my analysis advances from that premise. Nickerson-Malpher indicates that these three cases "stem from one State of Maine Search Warrant," (*id.*), and it appears that all her claims arise out of animal welfare proceedings in the State of Maine involving her and her kennel dogs.[1] Nickerson-Malpher relates that she wants to remain positive, see the return of her dogs, and obtain a "great settlement" so she can get her "life back together." *Id*. at 22.

This is not Nickerson-Malpher's first appearance, *Nickerson-Malpher v. Worley*, Civ. No. 07-136-B-H, or first decision in this court, *see Nickerson-Malpher v. Worley*, 560 F. Supp. 2d 75

---

[1] Nickerson-Malpher has indicated that her cat, apparently also seized, can stay with its current owner.

(D. Me. 2008) (Hornby, J.); *Nickerson-Malpher v. Baldacci*, 560 F. Supp. 2d 72 (D. Me. 2008) (Singal, J.); *Nickerson-Malpher v. Baldacci*, 522 F. Supp. 2d 293 (D. Me. 2007) (Woodcock, C. J.); *Nickerson-Malpher v. Baldacci*, 247 F.R.D. 223 (D. Me. 2008) (Woodcock, C. J.); *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 1776451 (D. Me. Apr. 11, 2008) (Woodcock, C. J.) (unpublished); *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 87792 (D. Me. Mar. 27, 2008) (Woodcock, C. J.) (unpublished); *Nickerson-Malpher v. Baldacci*, Civ. No. 07-136-B-W, 2008 WL 696806 (D. Me. Mar. 7, 2008) (Kravchuk, Mag. J.) (unpublished recommended decision).

What is more, it appears that Nickerson-Malpher has been active in other federal district courts in attempting to remove some or all of these actions from the Maine state courts to federal courts. *See Nickerson-Malpher v. Wells Fargo Bank, N.A.*, C. A. No. 10-11033-JLT (D. Mass. Aug. 3, 2010); *Nickerson-Malpher v. State of Maine, The Fiction*, Civ. No. 3:09CV-917-H (D. Ky. Feb. 11, 2010); *Nickerson-Malpher v. State of Maine, The Fiction*, Civ. No. 3:09CV-914-S (D. Ky. Feb. 3, 2010); *Nickerson Malpher v. State of Maine*, Civ. No. 09-570-TUC-CKJ (D. Ariz. Oct. 20, 2009).

## I.  DISCUSSION

### A.  Application to Proceed *In Forma Pauperis*

Although this action is characterized as one for removal of state court proceedings, Nickerson-Malpher has filed an application to proceed without pre-payment of the $350 filing fee for a civil action. Docket No. 4. Her application represents that she receives $1,700 a month in rental payment for a property worth $499,000, but she envisions losing that income in December when the lease runs out. She also receives $1,224 a month in retirement income. She has no work-related income, interest or dividends, or other revenue. Nickerson-Malpher

indicates that she only has $1 in cash. I take Nickerson-Malpher's July 22, 2010, sworn statements as filed in this District at face value and **GRANT** her leave to proceed without prepayment of the fee.

### B. Request for Judicial Notice

In a pleading entitled "JUDICIAL NOTICE TO CORRECT ERROR MADE IN THE ORDER OF RECUSAL BY JUDGE KRAVCHUK," Docket No. 7, Nickerson-Malpher informs the court that, in her view, the clerk's office made an error when it listed the "Attorney General, Maine" as the lead defendant. She explains that her claim is "against the Franchise Corporation (Sat[]ellite) which is the STATE OF MAINE doing business as (dba) a Corporation, and its employees mentioned and which can be referred in the case from her on as 'et al' and John and Jane Doe's to be named later." Mot. Judicial Notice 1. "For brevity" Nickerson-Malpher states, the caption can be headed as STATE OF MAINE dba corporation, et al. so long as it is understood that it is the Corporate side of STATE OF MAINE, and its employees of the business which is intended." *Id*. Nickerson-Malpher indicates in this motion that she is amendable to the court issuing a single summons in care of Attorney General Janet Mills rather than submitting summonses to each of the defendants named on the docket.

Just as with a plaintiff filing a federal action in the first instance, Nickerson-Malpher is the captain of this ship. *See Castro v. United States*, 540 U.S. 375, 381-84 (2003). There is not much choice but to read this pleading as anything other than a proclamation of Nickerson-Malpher's intent to proceed only against the State of Maine as a franchise corporation. This approach is also consistent with the manner in which Nickerson-Malpher actually captioned the case; she identified a single defendant in her opening pleading as "STATE OF MAINE THE FICTION." (Doc. No. 1 at 1.) I **GRANT** Nickerson-Malpher's request in Docket Number 7 to

3

correct the docket and amend her complaint so that it is against the State of Maine doing business as a corporation. Should a summons issue in the wake of this recommended decision, Nickerson-Malpher has conceded that there need only be one summons and that it can be issued in care of the Attorney General. Accordingly, the individual defendants currently listed on the docket can be terminated.

### C. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

With regards to proceedings *in forma pauperis* and as relevant to Nickerson-Malpher's case, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.")(citing *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984)).[2]

Nickerson-Malpher is seeking to remove the aforementioned trio of State of Maine court proceedings to the federal court.

Section § 1443 of Title 28 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[2] Because this is a recommended decision, Nickerson-Malpher has ample opportunity to respond to my § 1915(e)(2)(B) dismissal analysis. *See Purvis v. Ponte*, 929 F.2d 822, 826-827 (1st Cir. 1991).

> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal….." 28 U.S.C. § 1446(a).

Although she proffers extensive written statements attempting to explicate her claims (as well as those related to other individuals involved in animal welfare proceedings in Maine), Nickerson-Malpher has not complied with the procedures for removal set forth in 28 U.S.C. § 1446. For instance, in the court's record there is no "copy of all process, pleadings, and orders served upon each defendant or defendants in such action." 28 U.S.C. § 1446(a). But, more importantly, there is no indication that Nickerson-Malpher can possibly meet the time limitation of § 1446(c)(1), which requires that a notice of removal for state criminal prosecutions must be filed no later than 30 days after her arraignment in the State court. Section 1446(c)(1) reads:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446 (c)(1).

According to the documentation she has provided, Nickerson-Malpher was arraigned on in MACSC-CR-2008202 on September 2, 2008. *See* Doc. No. 1-3 at 1. She has not provided any docket information as to CALDC-CR-2008369, but it is patently unlikely that that arraignment in that 2008 case occurred in the thirty-day period before the August 5, 2010, filing of this action. There is nothing in Nickerson-Malpher's pleadings that comes near advancing a "good cause" showing for not meeting the time limitation of 28 U.S.C. § 1446(c)(1). *See*, *e.g.*,

5

*Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); *Robertson v. Louisiana*, 246 Fed.Appx. 267, 268, 2007 WL 2461826, 1 (5th Cir. 2007) (unpublished); *Morgan v. Washington*, 212 Fed.Appx. 606, 607-608, 2006 WL 3626369, 1 (9th Cir. 2006); *Bowen v. State*, No. 98-7662, 1999 WL 757134, 1 (4th Cir. Sept. 21, 1999) (unpublished); *Peterson v. Colorado*, No. 96-1358, 1997 WL 72850, 1 (10th Cir. Feb. 20, 1997) (unpublished); *Michigan v. McNeil*, Nos. 93-2176, 93-2237, 1994 WL 83260, 1 (6th Cir. Mar. 14, 1994) (unpublished); *Brunson v. North Carolina Dept. Soc. Servs.*, No. 5:09-CT-3063-FL, 2010 WL 3239030, 1 (E.D.N.C. Aug. 13, 2010).

## II. CONCLUSION

Accordingly, I **GRANT** Nickerson-Malpher leave to proceed *in forma* pauperis and her request to amend the docket to reflect that she is suing the State of Maine doing business as a corporation. In view of the clear time limitation of 28 U.S.C. § 1446(c)(1) and Nickerson-Malpher's failure to demonstrate good cause for not complying with that provision, I recommend that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of August, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge